■ MILO R. MARSHALL, as Executor of NELLIE B. MARSHALL, Deceased, et al., Respondents, v. HOLIDAY ON ICE, INC., Appellant.— Order entered September 8, 1966, denying defendant's motion for summary judgment, unanimously dismissed as academic, without costs or disbursements. Order entered January 27, 1967, unanimously modified, on the law and the facts, without costs or disbursements, to the extent of granting motion to discontinue with prejudice to the commencement of any further action in the State of New York but without prejudice to any action in any foreign State. (See *Brown* v. *Bullock*, 17 A D 2d 424.) Concur — Stevens, J. P., Eager, Tilzer, McNally and Witmer, JJ.

■ OSCAR G. DURAND, Respondent, v. GASLIGHT CLUB, INC., Appellant.— Order entered June 22, 1966, granting motion to vacate the preclusion order on condition that a full bill of particulars is served within five days, and further granting motion to dismiss unless plaintiff file a note of issue and statement of readiness within 20 days, unanimously reversed, on the law and the facts, with $30 costs and disbursements to the appellant. The motion to dismiss is granted unconditionally, with $10 costs. Thus the branch of the appeal relating to the preclusion order becomes academic. The delay herein was inordinate and not adequately explained. There was not only a failure to comply with the 45-day demand requirement of CPLR 3216 but also an impermissible general delay in the prosecution of the action. (*Thomas* v. *Melbert Foods*, 19 N Y 2d 216.) Even if the prior attorney's neglect were excusable (which it is not, *Walker* v. *Ferri*, 5 A D 2d 24) the subsequent conduct of the case by the second attorney was not characterized by expedition. Concur — Botein, P. J., Stevens, McNally, McGivern and Witmer, JJ.